BERREBI v. CROSSMAN.
No. 14608.

United States Court of Appeals,
Fifth Circuit.
Dec. 22, 1953.
Rehearing Denied March 15, 1954.

Quentin Bates, M. S. McCorquodale, Fulbright, Crooker, Freeman & Bates, Houston, Tex., for appellant.

Brian S. Odem, U. S. Atty., John C. Snodgrass, Asst. U. S. Atty., Houston, Tex., for appellee.

Before HOLMES, RUSSELL, and RIVES, Circuit Judges.

HOLMES, Circuit Judge.

By his petition for a writ of *habeas corpus*, the appellant is contesting a deportation order issued by the Immigration and Naturalization Service of the United States Department of Justice. The court below denied the petition and ordered him deported. It was stipulated that the petitioner was a member of the Communist Party of Tunisia from 1937 to 1939, and that he was lawfully admitted into the United States for permanent residence in 1948. The basis for the deportation order rests solely upon the petitioner's membership in said party during the years mentioned. The single issue here is whether or not the appellant's membership in the Communist Party of Tunisia subjects him to deportation.

The solution of the question depends upon the proper construction of Section 4(a) of the Internal Security Act of 1950, 64 Stat. 1008, U.S.Code Congressional Service 1950, pp. 1001-1003, which provides that any alien who was at the time of entering the United States, or has been at any time thereafter, a member of one of the classes of aliens enumerated in section 1(2) of the act shall, upon the warrant of the Attorney General, be taken into custody and deported. It also provides that said section shall be applicable to the classes of aliens mentioned in the act, irrespective of the time of their entry into the United States. Said section 1(2), referring to exclusion, provides that aliens who at any time shall be or shall have been members of the Communist or other totalitarian party of any state of the United States, or of any foreign state or of any political or geographical subdivision of any foreign state, shall be excluded from admission into the United States.

A reading of the two sections indicates a legislative intent that a different test was to be applied to exclusion from that applied to deportation. If the petitioner had been a member of the Communist Party of Tunisia at the time he gained admission into the United States, he would be subject to deportation now, and he would also have been subject to exclusion at the time of his entry. The deportation statute provides that any alien who at the time of entrance, or at any time thereafter, was a member of the "classes of aliens enumerated in section 1(2)" is subject to deportation. Therefore, it seems reasonable and proper to conclude that the reference to classes of aliens means the classes enumerated under section 1(2) in subparagraphs A through H, not to the section itself, which contains no enumeration of classes but specifically refers to "the following classes."

It is not only significant, but very persuasive, that the petitioner was lawfully admitted into the United States. At the time he presented himself for admission, the standards to be met were very strict. The stipulation compels us to conclude that the petitioner met all the requirements when he was lawfully admitted. Even though the past misconduct of an alien might have justified his exclusion at the time of his application for admission, the fact that he was lawfully admitted, and lived a law abiding life in this country thereafter, brings him within the different classification provided by law for an alien sought to be deported. Upon such considerations, the Congress having applied a different criterion to aliens who are subject to being deported from those who are subject to being excluded, it is ordered that the decision appealed from be reversed and judgment rendered here discharging petitioner from restraint and detention.

Reversed and rendered.

RUSSELL, Circuit Judge, dissents.

Rehearing denied; RUSSELL, Circuit Judge, dissenting.