MATTER OF L——

In DEPORTATION Proceedings

A-4438390

*Decided by Board March 4, 1959*

Deportation charge—Member of proscribed organization—Charge based on section 4(a) of amended 1918 act does not authorize deportation when membership terminated prior to controlling entry date.

(1) Where respondent's membership in a proscribed organization in the United States terminated prior to his entry with an immigration visa in 1947, which entry was stipulated as being a lawful admission for permanent residence, he is not deportable under the Act of October 16, 1918, as amended by the Internal Security Act of 1950 (*Bonetti* v. *Rogers*, 356 U.S. 691; *Berrebi* v. *Crossman*, 208 F.2d 498).

(2) Section 4(a) of the amended 1918 act requires deportation of an alien who was at the time of entering the United States or any time thereafter a member of a proscribed organization but does not authorize deportation when membership terminated prior to entry.

(3) In accordance with *Bonetti* v. *Rogers, supra*, respondent's entry on July 14, 1947, which is the only occasion when he was admitted for permanent residence, controls the disposition of the deportation charge; respondent's prior illegal entry in 1929 must be disregarded.

CHARGE:

Warrant: Act of October 16, 1918, as amended September 23, 1950 (Section 22, Internal Security Act of 1950; 64 Stat. 1006; 8 U.S.C. 137-3, 1946 ed., Supp. V)—Member of affiliate of Communist Party of United States prior to, at the time of, and after entry.

BEFORE THE BOARD

**Discussion:** This case is before us pursuant to the special inquiry officer's order of November 17, 1958, terminating the proceedings and certifying the case to this Board for final decision.

The respondent is a 52-year-old married male, a native and citizen of Poland, who last entered the United States on July 14, 1947, when he was admitted for permanent residence. He has resided in the United States since 1929 at which time he had entered as a stowaway. The respondent was a member of the International Workers Order at intervals from 1931 to 1938 and continuously from 1939 to 1944 when a Jewish section of the Order was established.

This section was known as Jewish Peoples Fraternal Order, and the respondent was a member thereof from 1944 until January 1946. He was employed from 1934 to June 1948 as a teacher in Jewish children's schools connected with these two organizations. The sole issue to be determined is whether the special inquiry officer's order should be approved.

We previously held that the International Workers Order was an affiliate of the Communist Party (*Matter of C——*, 6 I. & N. Dec. 20 (1953)), and we have no doubt that the Jewish Peoples Fraternal Order was also an affiliate or subsidiary of the Communist Party. The charge stated in the warrant of arrest is that the respondent was a *member* of a subsidiary or affiliate of the Communist Party of the United States "prior to, at the time of, and after entry." He was not charged with having been *affiliated* with the Communist Party or a subsidiary. Hence, his membership in the organization until January 1946 is material but not the fact that until June 1948 he continued as a teacher in the Jewish children's schools connected with the organizations.

The decision in *Bonetti* v. *Rogers*, 356 U.S. 691 (1958), is controlling and requires termination of the proceedings. It is clear from that decision that section 4(a) of the Act of October 16, 1918 as amended by section 22 of the Internal Security Act of 1950 requires deportation of any "alien who was at the time of entering the United States, or has been at any time thereafter," a member of an affiliate of the Communist Party of the United States, but that deportation is not authorized where the membership terminated prior to entry.

In connection with the question concerning the "time of entering the United States," the warrant of arrest specifically refers to the respondent's entry on July 14, 1947, which was the sole occasion when he was admitted for permanent residence. In accordance with *Bonetti*, it is only this date which is pertinent to our consideration, and the respondent's illegal entry in 1929 must be disregarded.

There is one respect in which the facts in the respondent's case differ from those in *Bonetti* v. *Rogers, supra*. The Act of October 16, 1918 was amended on June 28, 1940 by the Alien Registration Act so that thereafter aliens were excludable if they had at any time been members of or affiliated with any organization advocating the overthrow of the Government of the United States by force and violence. The respondent's entry in 1947 was subsequent to the amendment whereas Bonetti's last entry had occurred in 1939 prior to the amendment. However, the respondent was not charged with being deportable under section 19(a) of the Immigration Act of 1917 (8 U.S.C. 155(a)) as an alien who, at the time of entry, was

a member of a class excluded by law, and it was specifically stated in paragraph 17 of the stipulation entered into between counsel and the examining officer that the respondent was *lawfully* admitted for permanent residence on July 14, 1947.

In *Berrebi* v. *Crossman*, 208 F.2d 498 (C.A. 5, 1953), which involved membership in the Communist Party of a foreign country prior to the alien's entry into the United States in 1948, the court held that he was not deportable and referred to the fact that there was a stipulation that he was lawfully admitted for permanent residence in 1948. Under the circumstances and in view of the fact that the respondent's last entry in 1947 occurred prior to the enactment of the Internal Security Act, his case is not distinguishable from *Bonetti* even though the entry took place subsequent to the amendatory Act of June 28, 1940. Since the respondent was no longer a member of the proscribed organizations at the time of entering the United States and has not been a member at any time thereafter, the case falls squarely within the *Bonetti* decision and the proceedings must be terminated.

Counsel's letter dated January 8, 1959, submitted in lieu of oral argument, contains a request for a determination of the respondent's contention that he was not aware of the affiliation between the Communist Party and the two organizations of which he was a member. The special inquiry officer stated in his decision that it was unnecessary to consider this question. Since we have held that the *Bonetti* decision requires termination of this deportation proceeding, the question of whether the respondent was aware of the affiliation between the Communist Party and the two organizations is moot, and we decline to make any determination of that question.

**Order:** It is ordered that the special inquiry officer's order of November 17, 1958, terminating the proceedings, be and the same is hereby approved.